```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
PEIPING JI, et al.,                         :
                                            :   CASE NO. 1:14-cv-02575
            Plaintiffs,                     :
                                            :
v.                                          :   OPINION
                                            :   [Resolving Doc. 22]
CA CONDO MANAGEMENT, LLC, et al., :
                                            :
            Defendants.                     :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE

Plaintiffs are ten Chinese nationals who say they were defrauded in a Northern Ohio real estate deal. They allege that Defendants Jeffrey Moffie, Colin Brechbill, and several corporations under the individual Defendants' control defrauded them after Plaintiffs purchased condominiums in Lorain, Ohio.[1] Plaintiffs say that Defendants induced them to purchase condominiums through fraudulent promises that the units were renovated and would yield guaranteed rental income for a year.[2]

Brechbill and the company he controls, WRI Capital Group, Inc. ("WRI"), move for judgment on the pleadings.[3] Brechbill and WRI say they were merely marketing agents for Moffie and his companies and only transmitted information given to them. Brechbill and WRI say they can have no liability to Plaintiffs for fraudulent inducement as a result. For the following reasons,

---

[1] Doc. 1.
[2] *Id*.
[3] Doc. 22.

-1-

Case No. 1:14-cv-02575
Gwin, J.

Brechbill and WRI's motion is **DENIED**.

## I. Standards

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[4] A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."[5]

## II. Analysis

Brechbill and WRI provide just three sentences of argument as to why their motion should be granted. They say, "Plaintiffs through the Complaint and attached exhibits show only that Defendants herein were acting on behalf of the actual owners of the condominium, and offer no statements or evidence that Defendants themselves were involved in or had knowledge of any misrepresentation or fraud in their dealings with Plaintiffs."[6]

Plaintiffs, however, say that Brechbill and WRI were more than just marketing intermediaries between Moffie and the Plaintiffs.[7] Plaintiffs allege that Brechbill and WRI knew that the claims made to Plaintiffs were false, and that Brechbill was Moffie's partner, not just a marketer hired to promote sales. In support of the argument that Brechbill and WRI were more than marketing agents, Plaintiffs say that Brechbill and WRI received nearly half of the sale proceeds from each

---

[4] *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).
[5] *Id.* at 582 (internal citation and quotation marks omitted).
[6] Doc. 22 at 4.
[7] Doc. 1 at 11-12.

Case No. 1:14-cv-02575
Gwin, J.

condominium.[8/] Plaintiffs point to numerous emails in which Brechbill referred to himself and Moffie as "we," with statements such as "we buy units" and "[w]e manage the units long term for your buyers."[9/] Brechbill and WRI filed a reply only to say that Plaintiffs have deliberately misrepresented one email communication.[10/]

"[T]he elements of fraudulent inducement are: (1) an actual or implied false representation concerning a fact or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction; (3) knowledge of the falsity of the representation or such recklessness or utter disregard for its truthfulness that knowledge may be inferred; (4) intent to induce reliance on the representation; (5) justifiable reliance; and (6) injury proximately caused by the reliance."[11/]

The Plaintiffs have pled sufficient facts to support their claim that WRI and Brechbill knowingly made material false representations that Plaintiffs relied on to their detriment. WRI and Brechbill can argue their version of events later on. But the current motion is judged based on Plaintiffs' alleged facts, not those that WRI and Brechbill allege in response. Therefore, WRI and Brechbill's motion for judgment on the pleadings is **DENIED**.

IT IS SO ORDERED.

Dated: June 19, 2015                    s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[8/] Doc. 28-2.
[9/] Doc. 1 at 11.
[10/] Doc. 34.
[11/] *Simon Prop. Grp., L.P. v. Kill*, No. 1:09-30, 2010 WL 1266835, at *5 (Ohio Ct. App. Apr. 5, 2010).